1  PRINDLE GOETZ BARNES & REINHOLTZ, LLP
   R. Derek Classen (SBN 162805)
2  310 Golden Shore, 4th Floor
   Long Beach, CA, 90017
3  Telephone: (562) 436-3946
   Facsimile:  (562) 495-0564
4  dclassen@pdalaw.com
   TARG-0490
5
   Attorneys for Defendant,
6  TARGET CORPORATION

7

8                    UNITED STATES DISTRICT COURT
9       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10
   KARLA CASTANEDA,                    CASE NO.:
11
                   PLAINTIFF,          NOTICE OF REMOVAL OF
12                                     ACTION UNDER 28 U.S.C. §1441(b)
       vs.                             [DIVERSITY]
13
   TARGET CORPORATION, DOES 1 -
14 50,

15                 DEFENDANT.

16

17    **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

18       **PLEASE TAKE NOTICE** that Defendant TARGET  CORPORATION,

19 (hereinafter "Defendant" or "TARGET"), hereby removes to this Court the state

20
   court action described below.
21

22       1.    On or about January 6, 2021, an action was commenced in the Los

23 Angeles County Superior Court, entitled KARLA CASTENADA  v. TARGET

24
   CORPORATION, Case Number 21STCV00470.  A copy of the Complaint is
25

26 attached hereto as Exhibit "A."

27 / / /

28
                              1
                              NOTICE OF REMOVAL OF ACTION UNDER 28
                              U.S.C.§1441(b) [DIVERSITY]

2.    The first date upon which TARGET received a copy of said Complaint was February 11, 2021, when Defendant was served with a copy of the Complaint and a summons from the State Court.  A copy of the summons is attached hereto as Exhibit "B."

3.    Defendant filed its State Court Answer on March 12, 2021, which is attached as Exhibit "C."

4.    Plaintiff, Karla Castaneda, served responses to Defendant's discovery by electronic mail on April 12, 2021.

5.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Based upon Plaintiff's responses to discovery, received on April 12, 2021, in Response to Form Interrogatory No. 6.4, Plaintiff's medical specials alone total $69,976.  Attached please find Defendant's Form Interrogatories and Plaintiff's Responses to Form Interrogatories as Exhibits "D" and "E", respectively.

6.    Plaintiff, KARLA CASTANEDA, was and is a citizen of the State of California, and Target was and is a citizen of the State of Minnesota, where it is incorporated and where its principal place of business and nerve center are located.

/ / /

/ / /

/ / /

/ / /

/ / /

2

7.     TARGET is the only named Defendant in this action, and is the only Defendant that has been served summons and complaint in this action.

DATED:  May 7, 2021

PRINDLE GOETZ BARNES
& REINHOLTZ, LLP

R. Derek Classen
Attorneys for Defendant
TARGET CORPORATION

3

# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 01/06/2021 04:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV00470

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kristin Escalante

**PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kyle Madison Esq: 198484<br>Madison Law Group<br>11111 Santa Monica Boulevard, Suite 100<br>Los Angeles, California 90025<br>TELEPHONE NO: 310-201-7676    FAX NO. *(Optional):* 310-744-0111<br>E-MAIL ADDRESS *(Optional):* kyle@madisonlawgroup.com<br>ATTORNEY FOR *(Name):* Karla Castaneda | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF: Karla Castaneda

DEFENDANT: TARGET CORPORATION

[✔] DOES 1 TO  50

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED *(Number):*
Type *(check all that apply):*
[ ] MOTOR VEHICLE     [ ] OTHER *(specify):*
   [ ] Property Damage     [ ] Wrongful Death
   [✔] Personal Injury     [ ] Other Damages *(specify):*

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
   Amount demanded [ ] does not exceed $10,000
                   [ ] exceeds $10,000, but does not exceed $25,000
[✔] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

CASE NUMBER:

21STCV00470

1. Plaintiff *(name or names):* Karla Castaneda
alleges causes of action against defendant *(name or names):*
TARGET CORPORATION

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Castaneda v. Target Corp. | |

4. ☐ Plaintiff *(name):*

is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☑ except defendant *(name):* Target Corporation
   (1) ☐ a business organization, form unknown
   (2) ☑ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

c. ☐ except defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

b. ☐ except defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

d. ☐ except defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☑ Doe defendants *(specify Doe numbers):* 1 - 50      were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☑ Doe defendants *(specify Doe numbers):* 1 - 50      are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and
  a. ☐ has complied with applicable claims statutes, or
  b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Castaneda v. Target Corp. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    a. ☐ Motor Vehicle
    b. ☑ General Negligence
    c. ☐ Intentional Tort
    d. ☐ Products Liability
    e. ☑ Premises Liability
    f. ☑ Other *(specify):*

        **ACCORDING TO PROOF**

11. Plaintiff has suffered
    a. ☐ wage loss
    b. ☐ loss of use of property
    c. ☑ hospital and medical expenses
    d. ☑ general damage
    e. ☐ property damage
    f. ☐ loss of earning capacity
    g. ☑ other damage *(specify):*

        **ACCORDING TO PROOF**
        **EMOTIONAL DISTRESS**

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☑ compensatory damages
       (2) ☐ punitive damages
    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
       (1) ☑ according to proof
       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 1/06/2021

Kyle Madison
_____
    (TYPE OR PRINT NAME)

▶ _____
       (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Castaneda v. Target Corp. | |

<u>First</u>         **CAUSE OF ACTION—Premises Liability**     Page   <u>4 of 5</u>
        **(number)**

**ATTACHMENT TO**   [✓] Complaint    [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* **Karla Castaneda**
     alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
     On *(date):* 10/10/2019          plaintiff was injured on the following premises in the following

     fashion *(description of premises and circumstances of injury):*

On October 10, 2019, Karla Castaneda (hereinafter "Plaintiff") was a business invitee of the
Target Corporation (hereinafter "Defendant") located at 10600 Firestone Blvd. Norwalk, CA
90650. On this date, the Defendant breached a duty of care to Plaintiff by failing to supervise
and maintain a safe and clean premises. This lack of due care resulted in Plaintiff slipping and
falling near the check-out stand on a clear liquid substance, which at the time of fall, had no
notice of caution and/or warning signs within sight.

Prem.L-2.   [✓] **Count One—Negligence** The defendants who negligently owned, maintained, managed and
         operated the described premises were *(names):*
         Target Corporation

         [✓] Does <u>1</u>      to <u>50</u>

Prem.L-3.   [✓] **Count Two—Willful Failure to Warn [Civil Code section 846]** The defendant owners who willfully
         or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
         *(names):*
         Target Corporation

         [✓] Does <u>1</u>      to <u>50</u>

         Plaintiff, a recreational user, was   [ ] an invited guest   [ ] a paying guest.

Prem.L-4.   [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
         on which a dangerous condition existed were *(names):*

         [ ] Does       to
         a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the
             dangerous condition in sufficient time prior to the injury to have corrected it.
         b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [ ] **Allegations about Other Defendants** The defendants who were the agents and employees of the
         other defendants and acted within the scope of the agency were *(names):*

         [ ] Does       to
       b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
         [ ] described in attachment Prem.L-5.b [ ] as follows *(names):*

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(2)

| SHORT TITLE:<br>Castaneda v. Target Corp. | CASE NUMBER: |
|---|---|

Second _____     **CAUSE OF ACTION—General Negligence**     Page __5 of 5__
    (number)

ATTACHMENT TO ☑ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  **Karla Castaneda**

    alleges that defendant *(name)*:  **Target Corporation**

        ☑ Does __1_____ to __50_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*:  **10/10/2019**
at *(place)*:  **10600 Firestone Blvd. Norwalk, CA 90650**

*(description of reasons for liability)*:

    On October 10, 2019, Karla Castaneda (hereinafter "Plaintiff") was a business invitee of the
Target Corporation (hereinafter "Defendant") located at 10600 Firestone Blvd. Norwalk, CA
90650. On this date, the Defendant breached a duty of care to Plaintiff by failing to supervise and
maintain a safe and clean premises.

This lack of due care resulted in Plaintiff slipping and falling near the check-out stand on a clear
liquid substance, which at the time of fall, had no notice of caution and/or warning signs within
sight. This negligence caused Plaintiff physical injuries and resultant economic damages.

At the time of said accident, Defendant owed a duty to all business invitees to ensure that safety
was and would be maintained at all times. Due to the Defendant's conduct, and the incident herein
alleged, Plaintiff sustained injuries to her health, strength, and activities, which has and will
continue to cause pain, suffering, and emotional distress.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
     **CAUSE OF ACTION—General Negligence**
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

# EXHIBIT "B"

Electronically FILED by Superior Court of California, County of Los Angeles on 01/06/2021 04:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV00470

49305  2/11/2021 1:30 pm

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TARGET CORPORATION
DOES 1 - 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Karla Castaneda

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información e continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California County of Los Angeles, 312 N. Spring Street Los Angeles, CA 90012. Spring Street Courthouse | CASE NUMBER: *(Número del Caso):* 21STCV00470 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kyle Madison 11111 Santa Monica Boulevard, Suite. 100 Los Angeles California 90025 310-201-7676

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 01/06/2021 *(Fecha)* | Clerk, by *(Secretario)* | R. Clifton | , Deputy *(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* Target Corporation
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adapted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT "C"

Electronically FILED by Superior Court of California, County of Los Angeles on 03/12/2021 10:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1  PRINDLE GOETZ BARNES & REINHOLTZ, LLP
   R. Derek Classen (SBN 162805)
2  310 Golden Shore, 4th Floor
   Long Beach, CA, 90017
3  Telephone: (562) 436-3946
   Facsimile:  (562) 495-0564
4  dclassen@pdalaw.com
   TARG-0490
5
   Attorneys for Defendant
6  TARGET CORPORATION

7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF LOS ANGELES**

10          **CENTRAL DISTRICT - SPRING STREET COURTHOUSE**

11 | KARLA CASTANEDA,                | CASE NO: 21STCV00470 |
12 |                                 | (Assigned to Judge Kristin S. Escalante in Dept. 29) |
   |            PLAINTIFF,           |                      |
13 |                                 | **DEFENDANT TARGET** |
14 |     vs.                         | **CORPORATION'S ANSWER** |
   | TARGET CORPORATION, DOES 1 - 50, |                     |
15 |                                 | Complaint Filed:  January 6, 2021 |
   |            DEFENDANT.           | Trial Date:        July 6, 2022 |
16

17

18        Defendant  TARGET  CORPORATION  ("Defendant")  hereby  answers  the  Original

19 Complaint ("Complaint") filed by Plaintiff KARLA CASTANEDA ("Plaintiff"):

20                        **GENERAL AND SPECIFIC DENIALS**

21        Pursuant  to  the  provisions  of  California  Code  of  Civil  Procedure  section  431.30(d),

22 Defendant  denies,  generally  and  specifically,  each  and  every  allegation  contained  in  the

23 Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged

24 therein, or in any other amount, or at all, by reason of any act or omission on the part of

25 Defendant, or by any act or omission by any agent or employee of Defendant.  Defendant further

26 denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

27 / / /

28

                                         1
                    DEFENDANT TARGET CORPORATION'S ANSWER

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Accidental or Unavoidable Injury)

The Complaint, and each and every cause of action alleged therein, is barred because Defendant was not negligent at the time of the accident.

### THIRD AFFIRMATIVE DEFENSE

#### (Acts of Other Parties)

Defendant alleges that, if Defendant is subjected to any liability by Plaintiff, it will be due in whole or in part to the acts and/or omissions of other parties, or parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

### FOURTH AFFIRMATIVE DEFENSE

#### (Assumption of Risk)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed any and all risks attendant upon Plaintiff's conduct, including any purported damages alleged to be related thereto and proximately caused thereby.

### FIFTH AFFIRMATIVE DEFENSE

#### (Comparative Negligence)

Defendant alleges that Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur. Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to their negligence and fault.

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

Defendant exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure of Others to Exercise Reasonable Care)

If Defendant is subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of other Defendants or other parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Ordinary Care)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to exercise ordinary and reasonable care on Plaintiff's own behalf and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, Plaintiff's own alleged injuries and damages, if any, and Plaintiff's recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Intervening Acts of Others)

The Complaint, and each and every cause of action alleged therein, is barred because the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

Defendant alleges that it did not have either actual or constructive notice of the conditions, if any, which existed at the time and places mentioned in the Complaint, which conditions may have caused or contributed to the damages as alleged herein. Said lack of notice prevented Defendant from undertaking any measures to protect against or warn of said conditions.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Particularity)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to particularize the claims in the Complaint, thereby depriving Defendant of the ability to ascertain the true bases of Plaintiff's claim, if any, and the law applicable to the claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

The Complaint, and each and every cause of action alleged therein, is barred because Plaintiff lacks standing.

/ / /

/ / /

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Necessary Parties)

Plaintiff has failed to properly join all parties which are necessary or indispensable to this action in accordance with the California Code of Civil Procedure.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Obvious Danger)

Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for Plaintiff's own safety in order to avoid the alleged accident. The resulting injuries and damages, if any, sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff, in that any possible danger with regard to the accident in question was obvious to anyone using reasonable care.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Reimbursement)

Defendant alleges that any reimbursement, from whatever source, to Plaintiff of the alleged damages must be applied against any liability of Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Res Judicata/Collateral Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Several Liability for Non-Economic Damages)

If Defendant has any liability to Plaintiff in this action, which is denied, it is only severally liable for Plaintiff's non-economic damages under California Civil Code sections 1431.1 and 1431.2. Therefore, Defendant requests a judicial determination of the percentage of its negligence, if any, which proximately contributed to the subject incident.

///

///

1

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

2

### **(Statute of Limitations)**

3       The Complaint, and each and every cause of action alleged therein, is barred by the

4   applicable statute of limitations, including, but not limited to, Government Code sections 12960

5   and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; and Business and

6   Professions Code section 17208.

7

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

8

### **(Uncertainty)**

9       Defendant alleges that the causes of action in the Complaint, and each of them, are

10   uncertain and ambiguous as to Plaintiff's claim for damages against Defendant.

11

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

12

### **(Waiver)**

13       The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's

14   waiver.

15

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

16

### **(Willful Misconduct)**

17       Defendant alleges that if Plaintiff was injured and/or damaged as set forth in the Complaint,

18   or in any other way, sum or manner, or at all, then said injuries and/or damages and the whole

19   thereof, proximately and concurrently resulted from and were caused, in whole or in part, by the

20   willful and serious misconduct on the part of the Plaintiff with regard to each and every activity at

21   the times and places mentioned in the Complaint and all times relevant thereto.

22

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

23

### **(Additional Defenses)**

24       Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure

25   to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain

26   DOCUMENTS bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific

27   information concerning the nature of the damage claims and claims for certain costs for which

28   Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the

DEFENDANT TARGET CORPORATION'S ANSWER

right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the DOCUMENTS provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by way of the Complaint;

2.    That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.    That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

4.    That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED:  March 12, 2021                     PRINDLE GOETZ BARNES & REINHOLTZ, LLP


                                                                R. Derek Classen
                                                                Attorneys for Defendant
                                                                TARGET CORPORATION

TARG-0490

**PROOF OF SERVICE**
_Karla Castaneda v. Target Corporation_
Case No.  20STCV00470

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to this action.  My business address is 310 Golden Shore, Fourth Floor, Long Beach, California 90802.

On March 12, 2021, I served the foregoing document described as **DEFENDANT TARGET CORPORATION'S ANSWER** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

SEE ATTACHED SERVICE LIST

☒ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Long Beach, California.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Personal Service)** I caused to be delivered by hand by _____ to the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☒ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ (State)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 12, 2021, at Long Beach, California.

_Leti Gutierrez_
LETI GUTIERREZ

TARG-0490

*Karla Castaneda v. Target Corporation*
Case No.  20STCV00470

**SERVICE LIST**

**Attorneys for Plaintiff**

Kyle Madison, Esq.
MADISON LAW GROUP
11111 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Telephone:      310-201-7676
Facsimile:       310-744-0111
E-Mail:           kyle@madisonlawgroup.com

TARG-0490

# EXHIBIT "D"

**DISC-001**

| |
|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>R. Derek Classen (SBN 162805)<br>Prindle Goetz Barnes & Reinholtz, LLP<br>310 Golden Shore, 4th Floor<br>Long Beach, CA 90017<br>TELEPHONE NO.: (562) 436-3946<br>FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* dclassen@pdalaw.com<br>ATTORNEY FOR *(Name):* Defendant, TARGET CORPORATION |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
| SHORT TITLE OF CASE:<br>Karla Castaneda v. TARGET CORPORATION |

| FORM INTERROGATORIES—GENERAL<br>Asking Party: Defendant, TARGET CORPORATION<br><br>Answering Party: Plaintiff, KARLA CASTANEDA<br>Set No.: ONE | CASE NUMBER:<br>21STCV00470 |
|---|---|

**Sec. 1. Instructions to All Parties**

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2. Instructions to the Asking Party**

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions–Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____   _____
(DATE)                                        (SIGNATURE)

**Sec. 4. Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a)  *(Check one of the following):*

[✓]  (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Form Approved for Optional Use<br>Judicial Council of California<br>DISC-001 [Rev. January 1, 2008] **FORM INTERROGATORIES—GENERAL** Code of Civil Procedure,<br>§§ 2030.010-2030.410, 2033.710<br>www.courtinfo.ca.gov

<div style="column-count: 2">

☐ (2) **INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c) PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d) DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e) HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f) ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**
The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS
1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
     Family Law *[See separate form FL-145]*

**DISC-001**

**1.0 Identity of Persons Answering These Interrogatories**

☑ 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information—Individual**

☑ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☑ 2.2 State the date and place of your birth.

☑ 2.3 At the time of the **INCIDENT,** did you have a driver's license? If so state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☑ 2.4 At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☑ 2.5 State:
(a) your present residence **ADDRESS;**
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS.**

☑ 2.6 State:
(a) the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☑ 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☑ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☑ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☑ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

</div>

DISC-001

☑ 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON**? If so, state:
(a) the name, **ADDRESS**, and telephone number of that **PERSON**: and
(b) a description of your duties.

☑ 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT**? If so, for each person state:
(a) the name, **ADDRESS**, and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

☑ 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS**, and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS**, and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0 General Background Information—Business Entity**

☐ 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☐ 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

☐ 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☐ 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

☐ 3.5 Are you an unincorporated association? If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

☐ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

☐ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

**4.0 Insurance**

☑ 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS**, and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS**, and telephone number of the custodian of the policy.

☑ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, specify the statute.

**5.0** *[Reserved]*

**6.0 Physical, Mental, or Emotional Injuries**

☑ 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

☑ 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

DISC-001

☑ 6.3   Do you still have any complaints that you attribute to the **INCIDENT**? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

☑ 6.4   Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT**? If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS**, and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

☑ 6.5   Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT**? If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

☑ 6.6   Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS**, and telephone number of each provider.

☑ 6.7   Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT**? If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

**7.0  Property Damage**

☑ 7.1   Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**?  If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS**, and telephone number of the seller, the date of sale, and the sale price.

☑ 7.2   Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS**, and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS**, and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

☑ 7.3   Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS**, and telephone number of the **PERSON** who paid for the repair.

**8.0  Loss of Income or Earning Capacity**

☑ 8.1   Do you attribute any loss of income or earning capacity to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

☑ 8.2   State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT**; and
(c) the date your employment began.

☑ 8.3   State the last date before the **INCIDENT** that you worked for compensation.

☑ 8.4   State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

☑ 8.5   State the date you returned to work at each place of employment following the **INCIDENT**.

☑ 8.6   State the dates you did not work and for which you lost income as a result of the **INCIDENT**.

☑ 8.7   State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

☑ 8.8   Will you lose income in the future as a result of the **INCIDENT**? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

**FORM INTERROGATORIES—GENERAL**

DISC-001

**9.0  Other Damages**

☑ **9.1  Are there any other damages** that you attribute to the **INCIDENT?** If so, for each item of damage state:
(a)  the nature;
(b)  the date it occurred;
(c)  the amount; and
(d)  the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

☑ **9.2  Do any DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**10.0  Medical History**

☑ **10.1  At any time before the INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:

(a)  a description of the complaint or injury;
(b)  the dates it began and ended; and
(c)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

☑ **10.2  List all** physical, mental, and emotional disabilities you had immediately before the **INCIDENT.**  *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☑ **10.3   At any time after the INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a)  the date and the place it occurred;
(b)  the name, **ADDRESS,** and telephone number of any other **PERSON** involved;
(c)  the nature of any injuries you sustained;
(d)  the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e)  the nature of the treatment and its duration.

**11.0  Other Claims and Previous Claims**

☑ **11.1  Except for this action,** in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a)  the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b)  the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c)  the court, names of the parties, and case number of any action filed;
(d)  the name, **ADDRESS,** and telephone number of any attorney representing you;
(e)  whether the claim or action has been resolved or is pending; and
(f)  a description of the injury.

☑ **11.2  In the past 10 years** have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a)  the date, time, and place of the **INCIDENT** giving rise to the claim;
(b)  the name, **ADDRESS,** and telephone number of your employer at the time of the injury;
(c)  the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;
(d)  the period of time during which you received workers' compensation benefits;
(e)  a description of the injury;
(f)  the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g)  the case number at the Workers' Compensation Appeals Board.

**12.0  Investigation—General**

☑ **12.1  State the name, ADDRESS,** and telephone number of each individual:
(a)  who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**
(b)  who made any statement at the scene of the **INCIDENT;**
(c)  who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d)  who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

☑ **12.2   Have YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:
(a)  the name, **ADDRESS,** and telephone number of the individual interviewed;
(b)  the date of the interview; and
(c)  the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

☑ **12.3   Have YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:
(a)  the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;
(b)  the name, **ADDRESS,** and telephone number of the individual who obtained the statement;
(c)  the date the statement was obtained; and
(d)  the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

DISC-001

[✓] **12.4  Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, **ADDRESS**, and telephone number of the individual taking the photographs, films, or videotapes; and
(e) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

[✓] **12.5  Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);
(b) the subject matter; and
(c) the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

[✓] **12.6  Was a report made by any PERSON** concerning the **INCIDENT?** If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;
(b) the date and type of report made;
(c) the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report was made; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the report.

[✓] **12.7  Have YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a) the name, **ADDRESS**, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and
(b) the date of the inspection.

**13.0  Investigation—Surveillance**

[✓] **13.1  Have YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each sur- veillance state:

(a) the name, **ADDRESS**, and telephone number of the individual or party;
(b) the time, date, and place of the surveillance;
(c) the name, **ADDRESS**, and telephone number of the individual who conducted the surveillance; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

[✓] **13.2  Has a written report been prepared on the** surveillance? If so, for each written report state:

(a) the title;
(b) the date;
(c) the name, **ADDRESS**, and telephone number of the individual who prepared the report; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy.

**14.0  Statutory or Regulatory Violations**

[✓] **14.1  Do YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS**, and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[✓] **14.2  Was any PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a) the name, **ADDRESS**, and telephone number of the **PERSON**;
(b) the statute, ordinance, or regulation allegedly violated;
(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and
(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0  Denials and Special or Affirmative Defenses**

[  ] **15.1**  Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**16.0  Defendant's Contentions—Personal Injury**

[  ] **16.1**  Do you contend that any **PERSON**, other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON**:

(a) state the name, **ADDRESS**, and telephone number of the **PERSON**;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[  ] **16.2**  Do you contend that plaintiff was not injured in the **INCIDENT?** If so:

(a) state all facts upon which you base your contention;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**DISC-001**

☐ 16.3  Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.4  Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.5  Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.7  Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.9  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each **DOCUMENT**;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

☐ 16.10  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER**;
(b) a description of each **DOCUMENT**; and
(c) the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**17.0 Responses to Request for Admissions**

☐ 17.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0**  *[Reserved]*

**19.0**  *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

☐ 20.1  State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

☐ 20.2  For each vehicle involved in the **INCIDENT**, state:

(a) the year, make, model, and license number;
(b) the name, **ADDRESS**, and telephone number of the driver;

DISC-001

(c) the name, **ADDRESS,** and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS,** and telephone number of each registered owner;

(e) the name, **ADDRESS,** and telephone number of each lessee;

(f) the name, **ADDRESS,** and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT,** and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT.**

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT.**

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT?** If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT.**

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT;**
(b) at the time of the **INCIDENT;** and (c) just after the **INCIDENT.**

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT?** If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT?** If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS,** and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT.**

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☐ 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(b) state each part of the agreement not in writing, the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(e) state each modification not in writing, the date, and the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT.**

☐ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

TARG-0490

**PROOF OF SERVICE**
*Karla Castaneda v. Target Corporation*
*Case No. 20STCV00470*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to this action. My business address is 310 Golden Shore, Fourth Floor, Long Beach, California 90802.

On March 12, 2021, I served the foregoing document described as **JUDICIAL FORM INTERROGATORIES** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

SEE ATTACHED SERVICE LIST

☒　**(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Long Beach, California.

☐　**(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐　**(By Personal Service)** I caused to be delivered by hand by _____ to the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐　**(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☒　**(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒　(State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐　(Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 12, 2021, at Long Beach, California.

*Leti Gutierrez*
LETI GUTIERREZ

TARG-0490

*Karla Castaneda v. Target Corporation*
Case No.  20STCV00470

**SERVICE LIST**

**Attorneys for Plaintiff**

Kyle Madison, Esq.
MADISON LAW GROUP
11111 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Telephone:      310-201-7676
Facsimile:      310-744-0111
E-Mail:          kyle@madisonlawgroup.com

TARG-0490

EXHIBIT "E"

MADISON LAW GROUP
KYLE MADISON (State Bar No. 198484)
11111 Santa Monica Boulevard, Suite 100
Los Angeles, California 90025
Phone: (310) 201-7676 | Fax: (310) 744-0111

Attorneys for Plaintiff: Karla Castaneda

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| KARLA CASTANEDA, | CASE NO.: **21STCV00470** |
| Plaintiff, | **PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES, [SET ONE]** |
| vs. | |
| TARGET CORPORATION and DOES 1 through 20, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:   Defendants, **TARGET CORPORATION**

RESPONDING PARTY:   Plaintiff, **KARLA CASTANEDA**

SET NO.   **ONE**

Plaintiff, **KARLA CASTANEDA** hereby serves Responses to Form Interrogatories Set One propounded by Defendant **TARGET CORPORATION** pursuant to *C. Civ. Proc.* §2030.010, as follows:

### PRELIMINARY STATEMENT

These responses are made solely for the purposes of this action. Each answer is subject to any and all objections as to competence, relevance, materiality, propriety and admissibility; any and all other objections on grounds that would require exclusion of any statement contained herein if any interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

*Left margin (vertical):* **MADISON LAW GROUP** 11111 SANTA MONICA BOULEVARD – SUITE 100 LOS ANGELES, CALIFORNIA 90025 PHONE (310) 201-7676 | FAX (310) 744-0111

21  **RESPONSE TO FORM INTERROGATORY NO. 6.1:**

22      Yes.

23  **RESPONSE TO FORM INTERROGATORY NO. 6.2:**

24      Plaintiff suffered from neck, back, right shoulder, right hip, and right elbow pain

25  immediately following the incident, which is the bases of this litigation.

26  **RESPONSE TO FORM INTERROGATORY NO. 6.3:**

27      **OBJECTION:** Plaintiff objects to this interrogatory as burdensome and harassing in

28  that it calls for a production of a list or summary where no such list or summary presently

exists. C.C.P. §2030(f)(2); *Brotsky v. State Bar of California, 57 Cal.2d 287*. Plaintiff has identified all health care providers who treated her for her injuries. The request for a narration of the date and nature of the treatment and injuries received is improper because it actually seeks the contents of documents available to the defendant. As such, the question is burdensome and oppressive, *West Pico Furniture Co. v. Superior Court, 56 Cal.2d 407, 418-419*. This impermissibly invades Responding Party's constitutional right to privacy. Without waiving these objections, Plaintiffs responds as follows:

(a) 1. Neck still continues to cause plaintiff pain 3-4 times a week. Pain can be mild to severe, depending on the day.

2. Plaintiff continues to suffer from back pain 3-4 times a week when over exerting self, such as standing, walking, and bending for extended amounts of time.

3. Plaintiff continues to suffer from right shoulder pain 3-4 times a week. Pain can be mild to severe, depending on usage.

(b - c) The complaints to the above regions remain the same and occur 3-4 times a week.

**RESPONSE TO FORM INTERROGATORY NO. 6.4:**

**OBJECTION:** Plaintiff objects to this interrogatory as burdensome and harassing in that it calls for production of a list or summary where no such list or summary presently exists. C.C.P. §2030(f)(2); *Brotsky v. State Bar of California, 57 Cal.2d 287*. Plaintiff has identified all health care providers who treated her for this injury. The request for a narration of the date and nature of the treatment and injuries received is improper because it actually seeks the contents of documents available to the defendant. As such, the question is burdensome and oppressive, *West Pico Furniture Co. v. Superior Court, 56 Cal.2d 407, 418-419*. This impermissibly invades Responding Party's constitutional right to privacy. Without waiving these objections, Plaintiffs responds as follows:

(a – d) Newport Institute of Minimally Invasive Surgery:

455 Old Newport Blvd. Ste. 100 Newport beach, CA 92663.

Phone No. (949) 585-2282

Treatment Date: 12/27/2019

Bill: $25,950.00

MADISON LAW GROUP
11111 SANTA MONICA BOULEVARD – SUITE 100
LOS ANGELES, CALIFORNIA 90025
PHONE (310) 201-7676 | FAX (310) 744-0111

**MADISON LAW GROUP**
11111 SANTA MONICA BOULEVARD – SUITE 100
LOS ANGELES, CALIFORNIA 90025
PHONE (310) 201-7676 | FAX (310) 744-0111

1   (a – d) Precise Imaging:

2       6710 Kester Ave., Ste. 126 Van Nuys, CA 91405

3       Phone No. (818) 907-7723

4       Treatment Dates: 11/3/2019

5       Bill: $4,400.00

6   (a – d) Hunt Chiropractic, Inc.:

7       12900 Paramount Blvd. Downey, CA 90242

8       Phone No. (562) 923-6330

9       Treatment Dates: 10/15/2019, 10/16/2019, 10/17/2019, 10/21/2019, 10/22/2019,

10   10/23/2019, 10/24/2019, 10/28/2019, 10/29/2019, 10/30/2019, 11/04/2019, 11/05/2019,

11   11/06/2019, 11/11/2019, 11/12/2019, 11/13/2019, 11/14/2019, 11/25/2019, 11/26/2019,

12   12/03/2019, 12/04/2019, 12/05/2019, 12/10/2019, 12/17/2019, 12/18/2019, 12/19/2019,

13   12/30/2019, 12/31/2019, 1/07/2020, 1/08/2020, 1/09/2020, 1/14/2020, 1/15/2020, 1/16/2020,

14   1/21/2020, 1/23/2020, 1/27/2020, 1/28/2020, 1/29/2020, 1/30/2020, and 2/03/2020.

15       Bill Amount: $12,136.00

16   (a – d) Sonny Rubin, M.D.:

17       PO Box 2942 Newport Beach, CA 92659

18       Phone No. (949) 933-7012

19       Treatment Dates: 12/03/2019, 12/10/2019, 12/27/2019, 1/14/2020, 1/28/2020,

20   2/12/2020, 3/10/2020, 5/8/2020, 5/14/2020, 5/19/2020, 6/9/2020, and 8/25/2020.

21       Bill Amount: $22,250.00

22   (a – d) Irvine Anesthesia:

23       PO Box 53722 Irvine, CA 92619

24       Phone No. (951) 699-0303

25       Treatment Dates: 12/27/2019

26       Bill Amount: $1,770.00

27   (a – d) Sonoran Anesthesia, LLC.:

28       455 Old Newport Blvd. Ste. 100 Newport Beach, CA 92663.

1   Phone No. (949) 585-2282

2   Treatment Dates: 2/12/2020 and 5/08/2020

3   Bill Amount: $5,240.00

4   **RESPONSE TO FORM INTERROGATORY NO. 6.5:**

5        **OBJECTION:** Plaintiff objects to this interrogatory as burdensome and harassing in

6   that it calls for production of a list or summary where no such list or summary presently exists.

7   C.C.P. §2030(f)(2); *Brotsky v. State Bar of California, 57 Cal.2d 287.* Plaintiff has identified

8   all health care providers who treated her for this injury. The request for a narration of the date

9   and nature of the treatment and injuries received is improper because it actually seeks the

10  contents of documents available to the defendant. As such, the question is burdensome and

11  oppressive, *West Pico Furniture Co. v. Superior Court, 56 Cal.2d 407, 418-419.* This

12  impermissibly invades Responding Party's constitutional right to privacy. Without waiving

13  these objections, Plaintiffs responds as follows: Plaintiff was provided the following medication

14  during her treatment.

(a) 1: Tylenol

15       2: Tiger Balm Ointment/Patches

16       3: Motrin

17  (b – d) Medications numbered above were taken over the counter and have been taken

18       from October 10, 2019 to present.

19  (e) After a diligent search and inquiry, plaintiff was unable to locate the out of pocket

20       cost of the aforementioned medication, plaintiff will supplement upon the retrieval

21       of said request.

22  **RESPONSE TO FORM INTERROGATORY NO. 6.6:**

23       **OBJECTION:** Plaintiff objects to this interrogatory as burdensome and harassing in

24  that it calls for production of a list or summary where no such list or summary presently exists.

25  C.C.P. §2030(f)(2); *Brotsky v. State Bar of California, 57 Cal.2d 287.* Plaintiff has identified

26  all health care providers who treated her for this injury. The request for a narration of the date

27  and nature of the treatment and injuries received is improper because it actually seeks the

28  contents of documents available to the defendant. As such, the question is burdensome and

oppressive, *West Pico Furniture Co. v. Superior Court, 56 Cal.2d 407, 418-419.* This

**MADISON LAW GROUP**
11111 SANTA MONICA BOULEVARD – SUITE 100
LOS ANGELES, CALIFORNIA 90025
PHONE (310) 201-7676 | FAX (310) 744-0111

PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES,
[SET ONE]

impermissibly invades Responding Party's constitutional right to privacy. Without waiving these objections, Plaintiffs responds as follows:

(a – c) No other medical services were necessitated by the injuries attributing to this incident at this time.

**RESPONSE TO FORM INTERROGATORY NO. 6.7:**

**OBJECTION:** This interrogatory is overly broad, oppressive, burdensome and calculated to annoy and harass Plaintiff; that this interrogatory calls for the production of a list or summary where no such list or summary presently exists. C.C.P. Section 2030(f)(2); *Brotsky v. State of California, 57 Cal.2d 287.* This impermissibly invades Responding Party's constitutional right to privacy. Without waiving said objections, Plaintiff responses as follows:

(a – c) Dr. Sonny Rubin recommended epidural injections to plaintiff if and when pain worsens.

1    **RESPONSE TO FORM INTERROGATORY NO. 14.1:**

2    No.

3    **RESPONSE TO FORM INTERROGATORY NO. 14.2:**

4    No.

5    Without waiving said responses, Plaintiff responds as follows: Since discovery,

6    investigation and trial preparation are currently in progress and have not yet been completed,

7    the foregoing responses shall in no way be construed to prohibit or limit this answering party

8    from producing new or additional documents, facts or evidence or producing new or additional

9    facts, contentions or theories at subsequent hearings or at the time of trial if such new or

10   additional information later becomes available.

11   Investigation and discovery are continuing; therefore, Plaintiff reserves the right to

12   supplement all discovery responses up to, and including the time of trial, as additional facts are

13   ascertained, analyses are made, research is completed, documents are obtained and contentions

14   are made.

15

16   DATED: April 12, 2021.                    **MADISON LAW GROUP**

17

18   By: _____
                                            KYLE K. MADISON, ESQ.
19                                          Attorney for Plaintiff: KARLA CASTANEDA

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am over the age of 18 and not a party to the within action. I am employed in the County of Los Angeles, State of California. My business address is 11111 Santa Monica Boulevard, Suite 100, Los Angeles, California 90025.

On April 12, 2021, I served the following document(s) described as **PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES, [SET ONE]** on the interested parties in said action, by placing a true copy thereof to all other parties enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully paid.

☐    **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses on April ____, 2021. I placed the envelope or package for collection and overnight delivery at an office or a regular utilized drop box of the overnight delivery carrier.

☐    **BY PERSONAL SERVICE:** I personally delivered the documents to the person at the addresses listed on April ____, 2021. Delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening.

☐    **BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed on April ____, 2021. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒    **BY ELECTRONIC SERVICE (EMAIL):** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the document to be sent to the persons at the electronic notification addresses listed on April 12, 2021.

☒    **STATE:**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 12, 2021, at Los Angeles, California.

_____
CHRISTOPHER LEVINE, C.P.

PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES, [SET ONE]

MADISON LAW GROUP
11111 SANTA MONICA BOULEVARD – SUITE 100
LOS ANGELES, CALIFORNIA 90025
PHONE (310) 201-7676 | FAX (310) 744-0111

**SERVICE LIST**
**CASTANEDA v. TARGET CORPORATION**
Case No.: 21STCV00470

R. Derek Classen, Esq. (SBN: 162805)          ☒ *Attorney for Defendant, Target Corp.*
**Prindle Goetz Barnes & Reinholtz, LLP.**
310 Golden Shore, 4ᵗʰ Floor
Long Beach, CA 90017
Phone: (562) 436-3946

Email: Derek Classen: dclassen@prindlelaw.com
Cc: Leti Gutierrez: lgutierrez@prindlelaw.com

PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES, [SET ONE]

MADISON LAW GROUP
11111 SANTA MONICA BOULEVARD – SUITE 100
LOS ANGELES, CALIFORNIA 90025
PHONE (310) 201-7676 | FAX (310) 744-0111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MADISON LAW GROUP**
11111 SANTA MONICA BOULEVARD – SUITE 100
LOS ANGELES, CALIFORNIA 90025
PHONE (310) 201-7676 | FAX (310) 744-0111

# <u>VERIFICATIONS TO FOLLOW</u>

PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES,
[SET ONE]

TARG-0490

**PROOF OF SERVICE**
*Karla Castaneda v. Target Corporation*
Case No.  20STCV00470

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to this action.  My business address is 310 Golden Shore, Fourth Floor, Long Beach, California 90802.

On May 7, 2021, I served the foregoing document described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) [DIVERSITY]** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

SEE ATTACHED SERVICE LIST

☒ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Long Beach, California.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet.  Said transmission was reported complete and without error.

☐ **(By Personal Service)** I caused to be delivered by hand by _____ to the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed  package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☒ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 7, 2021, at Long Beach, California.

*Leti Gutierrez*
LETI GUTIERREZ

TARG-0490

*Karla Castaneda v. Target Corporation*
Case No.   20STCV00470

## SERVICE LIST

**Attorneys for Plaintiff**

Kyle Madison, Esq.
Christopher Levine, Esq.
MADISON LAW GROUP
11111 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Telephone:   310-201-7676
Facsimile:   310-744-0111
E-Mail:
kyle@madisonlawgroup.com

Chris@madisonlawgroup.com

TARG-0490